CATHERINE CORTEZ MASTO
Attorney General
JANET E. TRAUT
Senior Deputy Attorney General
Nevada Bar No. 8695
Bureau of Public Affairs
Public Safety Division
100 No. Carson St.
Carson City, NV  89701-4717
Tel: 775-684-1254

*Attorneys for Defendants James Gibbons,
Ross Miller, Catherine Cortez Masto,
Howard Skolnik, Robert Bannister,
and E.K. McDaniel*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVID RIKER, et al,

        Plaintiffs,

v.

JAMES GIBBONS, et al.,

        Defendants.

Case No.  3:08-CV-115-LRH-VPC

**ANSWER TO CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

    Defendants James Gibbons, Governor of Nevada, Ross Miller, Secretary of State of Nevada, Catherine Cortez Masto, Attorney General of Nevada, Howard Skolnick, Director of the Nevada Department of Corrections (NDOC), Robert Bannister, NDOC Medical Director, and E.K. McDaniel, Warden at NDOC's Ely State Prison (ESP), through Attorney Catherine Cortez Masto and Senior Deputy Attorney General Janet E. Traut, answer and otherwise respond to the Amended Class Action Complaint (Complaint) filed herein on April 16, 2008 by Plaintiffs as follows:

## INTRODUCTION

    1.  Answering paragraph No. 1 of the Complaint, Defendants note that it fails to identify "those similarly situated."  Plaintiffs' make a blanket assertion that "all the men" confined at the ESP are subject to "constant significant risk of serious injury, medical harm, premature death and the needless infliction of great physical pain and suffering."  All inmates at ESP are

not plaintiffs in this action. Paragraph No. 1 is argument, conclusory and need not be admitted or denied. Paragraph No. 1 is not a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79). To the extent it contains allegations of fact, those allegations are denied.

2. Answering paragraph No. 2, paragraph No. 2 is argument, conclusory and mentions the relief sought. Paragraph No. 2 is not a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79). It need not be admitted or denied. To the extent it contains allegations of fact, those allegations are denied.

## JURISDICITON AND VENUE

3. Answering paragraph No. 3, paragraph No. 3 is not a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79). Regardless, Defendants deny the Court has subject matter jurisdiction to consider Plaintiffs' 42 U.S.C. § 1983 federal civil rights complaint.

4. Answering paragraph No. 4, Paragraph No. 4 is not a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79). Regardless, in light of the Defendants' position that there is no subject matter jurisdiction, Defendants deny that venue is proper.

## PARTIES

**Plaintiffs**

5. Answering paragraph No. 5, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit.

6. Answering paragraph No. 6, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit.

///

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

7. Answering paragraph No. 7, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit. However, Plaintiff Brothers, at a regularly scheduled classification hearing was reclassified to medium security and is awaiting bed space at High Desert State Prison (HDSP).

8. Answering paragraph No. 8, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit.

9. Answering paragraph No. 9, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit.

**Defendants**

10. Answering paragraph No. 10, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit the Governor of the State of Nevada is James Gibbons, that he is President of the State Board of Prison Commissioners (Board) and that Plaintiffs sue him in his official capacity. The State Health Officer is required to report to the Board semiannually upon the medical services and the standards as provided in chapter 449 of NRS. *See* NRS 209.382(1)(a). Defendants deny the remaining allegation of paragraph No. 10; that the Board is responsible for the "oversight" of all prisons in Nevada. The Director of the NDOC is responsible for day-to-day operations of the NDOC, and the Director is subject to oversight from the Board.

11. Answering paragraph No. 11, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit the Secretary of State of Nevada is Ross Miller, that he is the Secretary of the Board and that Plaintiffs sue him in his official capacity. Defendants deny the remaining allegation of paragraph No. 11; that the Board is responsible for the "oversight" of all prisons in Nevada. The Director of the NDOC is

responsible for day-to-day operations of the NDOC, and the Director is subject to oversight from the Board.

  12. Answering paragraph No. 12, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit the Attorney General of Nevada is Catherine Cortez Masto and that Plaintiffs sue her in her official capacity.

  13. Answering paragraph No. 13, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit that the NDOC Director is Howard Skolnik and that Plaintiffs sue him in his official capacity. However, in light of delegation of powers, duties or functions, Defendants are without sufficient knowledge to form a reasonable belief as to the truth or falsity of the allegations contained in the remainder of said paragraph and therefore deny them.

  14. Answering paragraph No. 14, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit that Robert Bannister, M.D. is the designated medical director for the NDOC and that Plaintiffs sue him in his official capacity. Dr. Bannister and others are responsible for the medical treatment of offenders housed by the NDOC. Defendants are without sufficient knowledge to form a reasonable belief as to the truth or falsity of the allegations contained in the remainder of said paragraph and therefore deny them.

  15. Answering paragraph No. 15, despite not being a "FACTUAL ALLEGATION" (paragraphs No.s 16-51), a "CLASS ACTION ALLEGATION" (paragraphs No.s 52-74) or a "CLAIM FOR RELIEF" (paragraphs No.s 75-79), Defendants admit that E.K. McDaniel is the Warden at ESP and that Plaintiffs sue him in his official capacity. Warden McDaniel is responsible for the non-delegated daily functioning and administration of ESP, including the safe, secure and humane treatment of all inmates incarcerated at ESP.

///

# FACTUAL ALLEGATIONS

16. Answering paragraph No. 16, Defendants admit.
17. Answering paragraph No. 17, Defendants deny.
18. Answering paragraph No. 18, Defendants deny.
19. Answering paragraph No. 19, Defendants deny.
20. Answering paragraph No. 20, Defendants deny.
21. Answering paragraph No. 21, Defendants deny.
22. Answering paragraph No. 22, Defendants deny.
23. Answering paragraph No. 23, Defendants deny.
24. Answering paragraph No. 24, Defendants deny.
25. Answering paragraph No. 25, Defendants deny.
26. Answering paragraph No. 26, Defendants deny.
27. Answering paragraph No. 27, Defendants deny.
28. Answering paragraph No. 28, Defendants deny.
29. Answering paragraph No. 29, Defendants deny.
30. Answering paragraph No. 30, Defendants deny.
31. Answering paragraph No. 31, Defendants deny.
32. Answering paragraph No. 32, Defendants deny.
33. Answering paragraph No. 33, Defendants deny.
34. Answering paragraph No. 34, Defendants deny.
35. Answering paragraph No. 35, Defendants deny.
36. Answering paragraph No. 36, Defendants deny.
37. Answering paragraph No. 37, Defendants deny.
38. Answering paragraph No. 38, Defendants deny.
39. Answering paragraph No. 39, Defendants deny.
40. Answering paragraph No. 40, Defendants deny.
41. Answering paragraph No. 41, Defendants deny.
42. Answering paragraph No. 42, Defendants deny.

43. Answering paragraph No. 43, Defendants deny.
44. Answering paragraph No. 44, Defendants deny.
45. Answering paragraph No. 45, Defendants deny.
46. Answering paragraph No. 46, Defendants admit that the report was delivered approximately that date.
47. Answering paragraph No. 47, Defendants deny.
48. Answering paragraph No. 48, Defendants deny.
49. Answering paragraph No. 49, Defendants deny.
50. Answering paragraph No. 50, Defendants deny.
51. Answering paragraph No. 51, Defendants deny.

**CLASS ACTION ALLEGATIONS**

52. Answering paragraph No. 52, Defendants are without sufficient information or knowledge to either admit or deny the allegations, if any there are, contained in this paragraph and on that basis deny the same.
53. Answering paragraph No. 53, Defendants deny.
54. Answering paragraph No. 54, Defendants deny.
55. Answering paragraph No. 55, Defendants deny.
56. Answering paragraph No. 56, Defendants deny.
57. Answering paragraph No. 57, Defendants deny.
58. Answering paragraph No. 58, Defendants deny.
59. Answering paragraph No. 59, Defendants deny.
60. Answering paragraph No. 60, Defendants deny.
61. Answering paragraph No. 61, Defendants deny.
62. Answering paragraph No. 62, Defendants deny.
63. Answering paragraph No. 63, Defendants deny.
64. Answering paragraph No. 64, Defendants deny.
65. Answering paragraph No. 65, Defendants deny.
66. Answering paragraph No. 66, Defendants deny.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

67. Answering paragraph No. 67, Defendants deny.

68. Answering paragraph No. 68, Defendants deny.

69. Answering paragraph No. 69, Defendants deny.

70. Answering paragraph No. 70, Defendants deny.

71. Answering paragraph No. 71, Defendants deny.

72. Answering paragraph No. 72, Defendants deny.

73. Answering paragraph No. 73, Defendants deny.

74. Answering paragraph No. 74, Defendants deny.

**CLAIM FOR RELIEF**

75. Answering paragraph No. 75, Defendants deny.

76. Answering paragraph No. 76, Defendants deny.

77. Answering paragraph No. 77, Defendants deny.

78. Answering paragraph No. 78, Defendants deny.

79. Answering paragraph No. 79, Defendants deny.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief. All other material allegations are denied.

**DEMAND FOR JURY TRIAL**

1. Defendant demands a jury trial.

**AFFIRMATIVE DEFENSES**

1. Subject matter jurisdiction is absent.

2. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs' claims are barred by sovereign or Eleventh Amendment immunity.

4. Plaintiffs' claims are barred by executive or judicial immunity.

5. Plaintiffs' claims are barred by qualified immunity.

6. Plaintiffs' claims are barred by statutory discretionary immunity.

7. Plaintiffs' claims are barred by the equitable doctrines of estoppel, unclean hands, waiver and/or laches.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

8. Plaintiffs' injuries and damages, if any, are the result of the intentional or negligent acts of the Plaintiffs or other third persons.

9. Plaintiffs' or others' intervening acts superseded any culpability of the Defendants.

10. There was no direct or personal involvement, supervisory or otherwise, to allow for respondeat superior liability.

11. Plaintiffs' claims are time barred or otherwise barred by the applicable statute of limitations.

12. Plaintiffs' claims are barred by the absence of the requisite culpable state of mind for a cruel and unusual punishment claim under the Eighth Amendment.

13. Plaintiffs lack standing.

14. Plaintiffs' claims are not ripe.

15. Plaintiffs' claims are moot.

16. Defendants assert all immunities at common law or pursuant to statute.

17. Plaintiffs' claims are barred by the doctrines of estoppel and/or res judicata.

18. Plaintiffs failed to exhaust administrative remedies.

19. The Complaint proceeds against the Defendants solely in their official capacities and, to the extent that anything other than prospective injunctive relief is sought, it must be dismissed since these officials are not "persons" for purposes of the instant 42 U.S.C. § 1983 Complaint.

20. Assumption of risk is a bar.

21. Contributory negligence is a bar.

22. Plaintiffs failed to mitigate damages.

23. Defendants reserve the right to supplement these affirmative defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

WHEREFORE, Defendants pray that Plaintiffs' complaint be dismissed with prejudice, that judgment be entered in favor of the Defendants, that the Defendants be awarded costs and reasonable attorneys' fees and for such other and further relief as to the Court appears proper.

DATED this 15th day of May, 2008

> CATHERINE CORTEZ MASTO
> Attorney General
>
> By: /s/ Janet E. Traut
> JANET E. TRAUT
> Senior Deputy Attorney General
> Bureau of Public Affairs
> Public Safety Division
>
> *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 15th day of May 2008, I served a copy of the foregoing ANSWER TO AMENDED CLASS ACTION COMPLAINT, to be served, by U.S. District Court CM/ECF Electronic Filing to:

Amy Fettig (*pro hac vice pending*)
Margaret Winter (*pro hac vice pending*)
THE NATIONAL PRISON PROJECT
OF THE ACLU FOUNDATION, INC.
915 15th Street, N.W., Seventh Floor
Washington, D.C. 20005

Lee Rowland, NV Bar No. 10209
ACLU OF NEVADA
1280 Terminal Way, Suite 46
Reno, NV 89502

Allen Lichtenstein, NV Bar No. 3992
General Counsel, ACLU OF NEVADA
3315 Russell Road, No. 222
Las Vegas, Nevada 89120

Stephen F. Hanlon (*pro hac vice pending*)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

*Counsel for Plaintiffs*

_____
Janet E. Traut

C:\Documents and Settings\agcoffma\My Documents\JANET TRAUT\Cases\Riker.115\Answer.DOC

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717