CATHERINE CORTEZ MASTO
Attorney General
JANET E. TRAUT
Senior Deputy Attorney General
Nevada Bar No. 8695
Bureau of Public Affairs
Public Safety Division
100 No. Carson St.
Carson City, NV  89701-4717
Tel: 775-684-1254

*Attorneys for Defendants James Gibbons,
Ross Miller, Catherine Cortez Masto,
Howard Skolnik, Robert Bannister,
and E.K. McDaniel*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID RIKER, et al, | Case No. 3:08-CV-115-LRH-VPC |
| Plaintiffs, | |
| v. | **OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND MOTION TO SEVER** |
| JAMES GIBBONS, et al., | |
| Defendants. | |

Defendants James Gibbons, Governor of Nevada, Ross Miller, Secretary of State of Nevada, Catherine Cortez Masto, Attorney General of Nevada, Howard Skolnick, Director of the Nevada Department of Corrections (NDOC), Robert Bannister, NDOC Medical Director, and E.K. McDaniel, Warden at NDOC's Ely State Prison (ESP), through Attorney General, Catherine Cortez Masto and Senior Deputy Attorney General Janet E. Traut, hereby oppose the Plaintiffs' Motion for Class Certification and hereby bring a Motion to Sever. The Opposition and Motion are based upon Fed. R. Civ. P. 21, 23, and 42, the following memorandum of points and authorities and on all the pleadings and papers on file herein.

/ / /
/ / /
/ / /
/ / /

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

1

dockets.Justia.com

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND NATURE OF OPPOSITION AND MOTION

The Plaintiffs, David Riker, Roger Libby, Terrence Brothers, Jeffrey Hosmer and Mark Whittington, are NDOC inmates.[1] At the time of the filing of the Complaint, each Plaintiff resided at ESP.[2] The Plaintiffs are represented by attorneys from the American Civil Liberties Union (ACLU).

Class adjudication would be inappropriate. Each proposed class member would present different situations involving different questions of law and fact. The claims and defenses would not be typical. Furthermore, in light of the res judicata effect of this litigation and the dissimilarities among the inmates' cases, representative parties will not fairly and adequately represent the interests of the class. Any one of these reasons would justify denying the Plaintiffs' Motion for Class Certification.

Even assuming the reasons above justified class adjudication, questions of law or fact common to the members of the class do not predominate over questions affecting individual members and, as such, the inmates at ESP would not be cohesive and there would be no judicially economic advantage to class adjudication. Also, class action would not be superior to other available methods for the fair and efficient adjudication of the ESP inmates' controversies involving issues of medical care.

The Plaintiff's cases should actually be severed, in light of the foregoing and given the following: The uniqueness of each Plaintiff's and class member's position; The attempt by at least one named Plaintiff to independently settle his case; The constant movement of prospective class members in and out of the ESP; The fact that numerous ESP inmates are currently pursuing separate medical related grievances and lawsuits; and the inescapable

---

[1] The Plaintiffs are already down by one; Plaintiff Ricky Sechrest was removed in the Amended Complaint filed on April 16, 2008. # 15.

[2] Today, Plaintiff Brothers still resides at ESP, but he has recently been classified to medium security and High Desert State Prison (HDSP) and is awaiting bed placement there. Plaintiff Whittington is house at Northern Nevada Correctional Center (NNCC), and Plaintiff Libby is scheduled for transfer to NNCC. Furthermore, Plaintiff Brothers has independently attempted to negotiate a settlement with NDOC. Other ESP inmates referred to in the Complaint, the estate of Patrick Cavanaugh (Complaint at ¶¶ 29-35), John Snow (Complaint at ¶ 39), are pursuing separate actions. Finally, a total of 14 Federal cases from other ESP inmates, other than the Plaintiffs, are currently addressing issues about medical treatment at ESP.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

1  conclusion that any delay, inconvenience or added expense resulting from severance would

2  be greatly outweighed by likelihood of juror confusion and prejudice to the Defendants.

3  **II.   FACTS**

4  These facts are based upon the averments in the Complaint and no admission is made

5  hereby. The instant action consists of several lawsuits. Plaintiff David Riker's complains

6  about rheumatoid arthritis and fibromyalgia, resulting pain and treatment at ESP. *See*

7  Complaint at ¶¶ 54-59. Plaintiff Roger Libby complains about a right inguinal hernia, resulting

8  pain and treatment at ESP. *See* Complaint at ¶¶ 60-63. Plaintiff Terrence Brothers

9  complains about untreated open sores on his scalp, a keloid on the back of his head, pain

10 and his treatment at ESP. *See* Complaint at ¶¶64-65. Plaintiff Jeffrey Hosmer, who claims to

11 be bi-polar, complains about chronic severe back and neck pain, numbness on his left side

12 and his treatment at ESP. *See* Complaint at ¶¶ 66-69. Plaintiff Mark Whittington complains

13 about thyroid replacement, chest and stomach pain, and insomnia and his treatment at ESP.

14 *See* Complaint at ¶¶ 70-72.

15 Plaintiffs' also make allegations pertinent to non-parties. *See* Complaint at ¶¶ 28-34

16 (Patrick Cavanaugh),[3] ¶¶ 35-37 (Greg Leonard), ¶ 38 (John Snow),[4] ¶¶ 39-40 (Michael

17 Mulder), and ¶ 41 (Robert Ybarra).

18 Plaintiffs seek a class of "all prisoners who are now or will in the future be confined in

19 Ely State Prison in Ely, Nevada."[5] Complaint at ¶ 53. The Plaintiff's named are David Riker,

20 Roger Libby, Terrence Brothers, Jeffrey Hosmer, and Mark Whittington. *See* Complaint at

21 ¶¶54-59, ¶¶ 60-63, ¶¶ 64-65, ¶¶ 66-69, and ¶¶ 70-72 respectively.

---

[3] The estate of Patrick Cavanaugh, represented by Donald Evans, Esq., Marc Picker, Esq., and Cal Potter, Esq. is advancing its case pertinent to his death. *See* Case No. 3:08-cv-192-BES-RAM.

[4] NDOC ESP inmate John Snow is a Plaintiff who is currently represented by Marc Picker, Esq. Plaintiff Snow is already advancing his case pertinent to his hip against Defendants, NDOC, ESP Warden E.K. McDaniel, NDOC ESP Associate Warden of Operations (AWO) Debra Brooks, NDOC ESP Associate Warden of Programs (AWP) Adam Endel, NDOC Medical Director Robert Bannister, M.D., NDOC ESP former staff physician Steven MacArthur, M.D., and NDOC ESP physician's assistant Max Carter. *See* Case No. 3:08-cv-046-BES-VPC. Also, LIST HERE ALL OTHER MEDICAL CASES BROUGHT BY INMATES AT ESP.

[5] Other inmates who would purportedly be members of this class are already advancing cases alleging medical claims in the federal court: Allinger, 3:06-cv-139-LRH-VPC; Batterson, 3:07-cv-142-BES-VPC; Boykin, 3:06-cv-011-PMP-RAM; Egberto, 3:06-cv-715-BES-RAM; Howard, 3:08-cv-095-BES-RAM; Jackson, 3:05-HDM-RAM; Jefferson, 3:04-cv-687-LRH-VPC; McDougald, 3:06-cv-623-ECR-RAM; O'Guinn, 3:07-cv-450-LRH-VPC; Parks, 3:08-cv-031-LRH-VPC; Reed, 3:07-cv-149-BES-RAM; Stroup, 3:07-cv-099-BES-VPC; and Townsend, 3:06-cv-470-LRH-VPC and 3:07-cv-618-LRH-VPC.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

Plaintiffs claim that the Defendants' "policies, practices, acts and omissions place Plaintiffs and the ESP class at unreasonable, continuing and foreseeable risk of serious medical problems." Complaint at ¶ 75. Plaintiffs claim "Defendants have acted with deliberate indifference to . . . serious medical needs by implementing, sanctioning, approving, ratifying, or failing to remedy policies, practices, acts and omissions that deny, delay or intentionally interfere with medical treatment." Complaint at ¶ 76. Plaintiffs claim "Defendants' deliberate indifference . . . puts Plaintiffs and the ESP class at substantial risk of injury, causes avoidable pain, mental suffering, and deterioration of their health, and in some cases it has resulted or may result in premature death." Complaint at ¶ 77. Plaintiffs add, "Defendants' conduct constitutes unnecessary and wanton infliction of pain on the Plaintiffs and the ESP class." *Id*. "Defendant's policies, practices, acts, and omissions", according to the Plaintiffs, "evidence and constitute deliberate indifference to the serious medical needs of prisoners and violate the Cruel and Unusual Punishment's Clause of the Eighth Amendment, made applicable to the States through the Fourteenth Amendment to the United States Constitution." Complaint at ¶ 78. Plaintiffs claim they have suffered and will continue to suffer injury and risk of death and ask for injunctive relief. *See* Complaint at ¶ 79.

## III. ARGUMENT

Management of cases pursuant to Rule is generally to be left to the sound discretion of the trial court. Fed. R. Civ. P. 42(b) specifically provides that the Court may order a separate trial on any claim, cross-claim, counter-claim, or third-party claim, or of any separate issue to further convenience or to avoid prejudice, or where separate trials will be conducive to expediting matters and economy. Fed. R. Civ. P. 42(b).

### A. OPPOSITION TO MOTION FOR CLASS CERTIFICATION

As pointed out by Judge Hunt:

> Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, a member of a class may sue on behalf of the class "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately represent the interests of the class."

4

> These factors are respectively known as "numerosity," "commonality," "typicality," and "adequacy of representation." *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir.2000).

*Poulos v. Caesars World, Inc.,* 2002 WL 1991180 (D.Nev.2002), (Case No. CV-S-94-1126-RLH-RJJ, June 25, 2002) at p. 2.[6]

The class consists of inmates complaining about medical care at the NDOC's ESP. This is not an unmanageable group of people, since not all are complaining and those who are do not seem reticent about exhausting administrative remedies and filing complaints. As for numerosity, factor one, the inmates complaining of medical care at ESP do not come close to the millions of individuals who have played video poker or electronic slot machines. *See Poulos v. Caesars World, Inc.* at p. 3.

Commonality, factor two, requires a focus on the questions pertinent to each inmate's claim. These questions are particular to each inmate, given the factual nature of the various situations, the circumstances surrounding each situation and the available defenses. *See id*.

The third factor under Rule 23(a) is typicality. Judge Hunt explained:

> The third requirement under Rule 23(a) is that claims or defenses of the named plaintiffs be typical of the claims or defenses of the class. … Typicality does not require "that the plaintiffs' injuries be identical with those of the other class members, only that the ***unnamed class members have injuries similar to those of the named plaintiffs and that the injuries resulted from the same, injurious course of conduct***." *Armstrong v. Davis,* 275 F.3d 849, 869 (9th Cir.2001).

*Id*. at p. 4 (emphasis added). Again, the injuries allegedly suffered vary from inmate to inmate and may have resulted from different courses of conduct.

The fourth and final requirement under Rule 23(a) is fair and adequate representation for all members of the class. Judge Hunt said:

> The final requirement for class certification pursuant to Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). To determine whether the adequacy requirement has been met, courts must ascertain whether "the named plaintiffs and their counsel prosecute

---

[6] Not Reported in F.Supp.2d. See, 2002 WL 1991180 (D.Nev.). Only the Westlaw citation is currently available.

Office of the Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

the action vigorously on behalf of the class" and whether "the named plaintiffs and their counsel have any conflicts of interest with other class members." *Hanlon,* 150 F.3d at 1020.

*Id*. at p. 4. Apparently, there are conflicts evidenced by the following: ESP inmates mentioned in the Complaint are pursuing their actions separately; Plaintiffs named in the Complaint are stepping out on their own[7]; and ESP inmates come and go.[8] Also, besides each claim being unique, some of the representatives have not exhausted available administrative remedies.[9] Regardless, Plaintiffs' counsel prefers to consolidate as many ESP inmates as possible, which could perhaps allow inmates without a cognizable claim to ride the coattails of an inmate who may have a viable action.

Judge Hunt also noted, citing to another Ninth Circuit Court of Appeals case, besides meeting the four steps addressed in *In re Mego Fin. Corp. Sec. Litig.,* the action must satisfy one of the requirements in Rule 23(b). Judge Hunt said:

> In order to be certified as a class action, a cause of action must also satisfy at least one of the requirements set forth in Rule 23(b). *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir.1996). Rule 23(b)(3), the provision under which Plaintiffs seek certification, requires that "questions of law or fact common to the members of the class **predominate** over any questions affecting only individual members, and that a class action is **superior** to other available methods for the fair and efficient adjudication of the controversy."
> . . . In conducting its analysis, the district court may consider both the allegations in the complaint and any supplemental materials submitted by the parties. *Blackie v. Barrack,* 524 F.2d 891, 901 & n.17 (9th Cir.1975).

*Poulos v. Caesars World, Inc.,* 2002 WL 1991180 at p. 2. (emphasis added). On predominance, Judge Hunt said:

> The "predominance inquiry tests whether proposed classes are **sufficiently cohesive** to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997). "Implicit in the satisfaction of the predominance test is the notion

---
[7] Inmate Brothers independently attempted to negotiate a settlement with NDOC. Furthermore Snow, the estate of Cavanaugh and many others are separately pursuing actions.
[8] Since the filing of the Complaint, named Plaintiff Sechrest has dropped out and named Plaintiff Brothers is no longer classified to ESP. The class is constantly changing.
[9] Plaintiffs Brothers and Hosmer have not exhausted any claim and some of Plaintniff Whittington's claims are unexhausted.

> that the adjudication of common issues will help achieve ***judicial economy***." *Valentino,* 97 F.3d at 1234. The predominance inquiry calls for ***a more demanding review than under Rule 23(a)'s commonality requirement***. *Clark v. Bonded Adjustment Co.,* 204 F.R.D. 662, 666 (E.D.Wash.2002). This inquiry may entail a review of the substantive elements for each cause of action and the ***proof necessary for each element***. *Margolis v. Caterpillar, Inc.,* 815 F.Supp. 1150, 1153 (C.D.Ill.1991).

*Id*. at p. 8 (emphasis added). Individual proof as to the requisite state of mind for cruel and unusual punishment, given the unique set of facts and circumstances surrounding each Plaintiff's situation strongly indicate that there would be no sufficient cohesiveness and judicial economy would be lost.

As for superiority, class adjudication must be superior to other methods of fairly and efficiently resolving the dispute. Judge Hunt said:

> In assessing the superiority of a class action, courts consider four factors described in Rule 23(b)(3). The first factor evaluated is "the ***interest of members of the class in individually controlling the prosecution*** or defense ***of separate actions***." Fed. R. Civ. P. 23(b)(3)(A). In examining this factor, courts have generally focused on whether it would be ***feasible*** for class members to pursue their claims on an individual basis. *See Valentino,* 97 F.3d at 1234-35 ("A class action is the superior method for managing litigation if no realistic alternative exists."). . . .
>
> The second factor to be considered is "the ***extent and nature of any litigation concerning the controversy already commenced*** by or against members of the class." Fed. R. Civ. P. 23(b)(3)(B). The only other cases with related claims to those presented here have been dismissed for lack of jurisdiction. . . .
>
> The third factor to be examined in assessing superiority is "the ***desirability or undesirability of concentrating the litigation*** of the claims in the particular forum." Fed. R. Civ. P. 23(b)(3)(C). Defendants assert that allowing one jury to decide the fate of persons from a variety of states would conflict with congressional intent to allow states to regulate gaming. Defendants' Opposition, at 63 (citing 15 U.S.C. § 1172). . . .
>
> Finally, courts should consider "the ***difficulties likely to be encountered in the management*** of a class action." Fed. R. Civ. P. 23(b)(3)(D). "There exists a strong presumption against denying class certification for management reasons." *Buford,* 168 F.R.D. at 363. However, ***if a multitude of minitrials will be required to***

Office of the Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

7

> *resolve such issues as reliance and damages, courts will find a class action to be unmanageable.* See 1 NEWBERG ON CLASS ACTIONS § 4.33, at 4-134. . . . Were the Court to grant certification, it would be faced with hundreds of thousands, if not millions, of minitrials to resolve the reliance issue for each class member. The Court finds that *the need for such a large number of minitrials make this case unmanageable*.

*Id*., at pp. 11-12 (emphasis added).

The interest of the ESP inmates to individually control the prosecution of separate actions is evident and significant. *See* footnote 5 above, which identifies fourteen ongoing ESP inmate cases raising medical issues in federal court. There are also a number of inmates with medical claims in state court. It would be most feasible to allow for the continuation of separate grievances and lawsuits pertinent to the medical care at the ESP. The extent and nature of current ongoing grievances and litigation concerning medical care at the ESP weighs strongly in favor of denying certification. The undesirability of concentrating the litigation, in light of the current myriad of related grievances and litigation warrant the denial of certification. Finally, the need for such a large number of minitrials, assuming certification was allowed, would make this case unmanageable. Consequently, the Court should find that a class action is not superior to other forms of relief available to inmates at the ESP.

Based upon the foregoing, the Court should deny Plaintiffs' Motion for Class Certification.

**B. MOTION TO SEVER**

There has been a misjoinder of parties who have quite different claims. *See* "FACTS" above. According to Wright, Miller & Kane, "Rule 21 is a mechanism for remedying . . . the misjoinder of parties." 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §1683, p. 475 (2001). This treatise explains, "parties are misjoined when they fail to satisfy *either* of the preconditions for permissive joinder of parties set forth in Rule 20(a). Thus, Rule 21 applies when the claims asserted by or against the joined parties do not arise out of the *same transaction or occurrence* . . . ." *Id*., (emphasis added). Under Rule 20(a), for permissive joinder of parties the plaintiffs' right to relief must arise "out of the same

8

transaction or occurrence . . . " 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d at §1652, at p. 395. In the case at bar, each Plaintiff's claim is based on a different transaction or occurrence.

Also, there is **no common question**. This is not a one size fits all situation. Given the differences in each Plaintiff's case, questions raised and appropriate answers pertinent to questions of law or fact are hardly common. Both requirements -- same transaction or occurrence and common question of law or fact -- "must be satisfied in order to sustain party joinder." 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § at §1653, p. 403-04.

Even if joinder was permissive, and it is not, the Court would have "discretion to deny joinder if it . . . will not foster the objectives of the rule, but will result in prejudice, expense or delay." *Id*., at p. 396. Here, the right to relief asserted by the Plaintiffs would not relate to or arise out of the same transaction or occurrence, questions would not be common and, in any event prejudice to the Defendants from the confusion to the jury, the expense involved in fully addressing each current ESP inmate's situation and the tremendous delay compel a severance. Plaintiffs were impermissibly joined. *See* Fed. R. Civ. P. 20(a). The appropriate remedy is severance. *See id*., at § 1684, p. 484. "Rule 21 provides that 'parties may be dropped . . . by order of the court on motion of any party or of its own initiative . . . .'" *Id*., at §1687, p. 500. "Questions of severance are addressed to the broad discretion of the district court." *Id*., at §1689, pp. 515-16.

## IV. CONCLUSION

Regardless of whether certified as a class action or severed, several depositions of each Plaintiff, each treating doctor, physician assistant or medical staff personnel would likely occur. As one unmanageable class, however, the presentation of evidence will create unfair prejudice for the Defendants by overwhelming the jury with a myriad of different evidence and testimony, thus creating confusion. Unnecessary delay and expense would result. A class action, in light of res judicata effect, may act to the detriment of class members. Each Plaintiff's case arises out of a unique set of facts and circumstances. Based upon the

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

9

foregoing, the Court should deny the Plaintiffs' Motion for Class Certification and grant Defendants' Motion to Sever.

DATED this 15th day of May 2008.

CATHERINE CORTEZ MASTO
Attorney General

By: /s/ Janet E. Traut
JANET E. TRAUT
Senior Deputy Attorney General
Bureau of Public Affairs
Public Safety Division

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 15th day of May 2008, I served a copy of the foregoing **OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND MOTION TO SEVER**, to be served, by U.S. District Court CM/ECF Electronic Filing to:

Amy Fettig - *pro hac vice*
Margaret Winter - *pro hac vice*
THE NATIONAL PRISON PROJECT
OF THE ACLU FOUNDATION, INC.
915 15th Street, N.W., Seventh Floor
Washington, D.C. 20005

Lee Rowland, NV Bar No. 10209
ACLU OF NEVADA
1280 Terminal Way, Suite 46
Reno, NV 89502

Allen Lichtenstein, NV Bar No. 3992
General Counsel, ACLU OF NEVADA
3315 Russell Road, No. 222
Las Vegas, Nevada 89120

Stephen F. Hanlon - *pro hac vice*
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

*Counsel for Plaintiffs*

/s/ Janet E. Traut

C:\Documents and Settings\agcoffma\My Documents\JANET TRAUT\Cases\Riker.115\Opposition to Motion for Class Certification and Motion to Sever.DOC

Office of the Attorney General
100 N. Carson St.
Carson City, NV
89701-4717