UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID RIKER et al., | |
|     Plaintiffs, | 3:08-CV-00115-LRH-RAM |
| v. | ORDER |
| JAMES GIBBONS et al., | |
|     Defendants. | |

On January 9, 2009, this court held a hearing on Plaintiffs' pending Motion for Class Certification (#7[1]). At this hearing, the court stated it would render an order identifying any additional issues requiring further briefing by the parties. This order identifies those issues.

The first issue requiring briefing is Plaintiff's obligation under Federal Rule of Civil Procedure 23(a)(4) to show that "the representative parties will fairly and adequately protect the interests of the class." During its hearing, the court inquired whether the named plaintiffs have exhausted their administrative remedies. While Plaintiffs' counsel is correct that nonexhaustion is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), it is also incumbent upon Plaintiffs, as the parties seeking class certification, to show that they will adequately protect the

---

[1] Refers to the court's docket

interests of the class.[2]  While the court will not go so far as to say that Plaintiffs must show exhaustion before this court will certify a class, the court nonetheless orders briefing and proof on the issue.

The second issue this court will order briefing upon is the qualifications of Plaintiffs' counsel.  This issue is relevant to the Ninth Circuit's requirement under Federal Rule of Civil Procedure 23(a)(4) that "Plaintiffs are represented by qualified and competent counsel," *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1185 (9th Cir. 2007), and Rule 23(g)(1)(A)'s requirements, which a court must consider in appointing class counsel.  Rule 23(g)(1) provides,

> (1) **Appointing Class Counsel.** Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
>
> (A)    must consider:
>
> (i)    the work counsel has done in identifying or investigating potential claims in the action;
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii)  counsel's knowledge of the applicable law; and
> (iv)   the resources that counsel will commit to representing the class;

In support of their Motion for Class Certification, Plaintiffs contend the following in their points and authorities:

> Plaintiffs are represented by the National Prison Project of the American Civil Liberties Union Foundation (NPP), the ACLU of Nevada, and Holland & Knight LLP. Both NPP and Holland & Knight have extensive experience litigating federal class actions regarding conditions inside prisons and jails. Moreover, the ACLU of Nevada is amply experienced in civil rights litigation before this Court. Counsel are therefore experienced in class actions, civil rights, and conditions of confinement litigation and able to prosecute this action vigorously.

---

[2]In considering a motion to certify a class, a court should first look to the pleadings to determine whether they provide sufficient information to form a reasonable judgment on each of Rule 23's requirements. *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975).  However, if necessary, a court may request the parties to supplement the pleadings. *Id.*  Moreover, if the parties submit conflicting evidence on Rule 23's requirements, the court must conduct a "rigorous analysis" to determine if the plaintiffs have met the Rule. *See Dukes v. Wal-Mart, Inc.* 509 F.3d 1168, 1177 n.2 (9th Cir. 2007).

(Pls.' Mem. of P. & A. in Supp. of Mot. for Class Certification (#7-2) at 8.)  While the court suspects that this statement is true, Plaintiffs have offered nothing more that this statement in their brief to support their contention that counsel is qualified to represent the purported class. Moreover, Plaintiffs do not address Rule 23(g)(1)(A)(i) and (iv)'s requirements concerning "the work counsel has done in identifying or investigating potential claims in the action" and "the resources that counsel will commit to representing the class"–both requirements Rule 23(g)(1) states a court must consider in appointing class counsel.  Therefore, the court will permit Plaintiffs the opportunity to supplement the record with competent evidence regarding Rule 23(a)(4) and (g)(1)'s requirements.

The third issue this court will order briefing upon is the need to appoint all the attorneys currently seeking to act as class counsel.  Currently, CM/ECF lists five attorneys as representing Plaintiffs: (1) Allen Lichtenstein, ACLU of Nevada; (2) Amy Fettig, National Prison Project–ACLU; (3) Margaret Winter, National Prison Project–ACLU; (4) Stephen Hanlon, Holland & Knight LLP; and (5) Lee Rowland, ACLU of Nevada.

The Committee Note to Federal Rule of Civil Procedure 23 provides,

> The rule states that the court should appoint "class counsel."  In many instances, the applicant will be an individual attorney.  In other cases, however, an entire firm, or perhaps numerous attorneys who are not otherwise affiliated but are collaborating on the action will apply.  No rule of thumb exists to determine when such arrangements are appropriate; the court should be alert to the need for adequate staffing of the case, but also to the risk of overstaffing or an ungainly counsel structure.

If Plaintiffs ultimately prevail in this case, the court will, of course, review any fee award for reasonableness.  Nevertheless, the court orders briefing on the need for each of these attorneys to act as class counsel in this case.

Fourth, this court also orders briefing on whether notice should be provided to the absent class members, so they can choose to intervene or challenge the adequacy of the named plaintiffs' representation.  *See* Fed. R. Civ. P. 23(d)(1)(B).  Although Rule 23 requires only notice to class

members in a Rule 23(b)(3) action, *see* Fed. R. Civ. P. 23(c)(2)(B), the Rule also states that a court may direct appropriate notice to the class in a Rule 23(b)(2) case, Fed. R. Civ. P. 23(c)(2)(A). Moreover, commentators have stated that giving some type of notice in actions under Rule 23(b)(2) probably is the best practice in most cases. *See* 7B Charles Alan Wright et al., *Federal Practice and Procedure* § 1793, at 15 (3d ed. 2005). Commentators have also noted that posting or distributing a court-approved form of notice to inmates is the common method of serving notice on inmate classes. 8 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 25:32 (4th ed. 2002); *see also Dean v. Coughlin*, 107 F.R.D. 331, 335 (S.D.N.Y. 1985) (ordering notice to a prisoner class via distribution to each inmate and posting notice in the law library, clinic, and each housing area for the pendency of the suit). Therefore, the court orders briefing on whether notice should be provided to the absent class members.

The fifth issue the court requires briefing upon is whether the named plaintiffs are familiar with their claims and the role of a class representative. Courts have required a showing that named plaintiffs have some understanding of the complaint and proceedings. *See, e.g.*, *Massengill v. Bd. of Educ., Antioch Cmty. High Sch.*, 88 F.R.D. 181, 185-86 (D. Ill. 1980); *see also* 7A Charles Alan Wright et al., *Federal Practice and Procedure* § 1766 (3d ed. 2005).

Finally, the court orders Plaintiffs to submit a proposed order containing the matters set forth in Federal Rule of Civil Procedure 23(c)(1)(B), which provides that "[a]n order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)."

///
///
///
///
///

1   IT IS THEREFORE ORDERED that Plaintiffs are granted 30 days to file an opening brief
2  and a proposed Rule 23(c)(1)(B) order.  Defendants are granted 20 days to respond, and Plaintiffs
3  are granted 10 days to file a reply.
4   IT IS SO ORDERED.
5   DATED this 13th day of January 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE