# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVID RIKER, *et al.*,

   Plaintiffs,

vs.

JAMES GIBBONS, *et al.*,

   Defendants.

3:08-cv-00115-LRH-VPC

**ORDER**

  This civil rights class action, brought pursuant to 42 U.S.C. § 1983, concerns plaintiffs' allegations that defendants have violated their Eighth Amendment rights against cruel and unusual punishment because Ely State Prison lacks a constitutionally adequate health care system. Plaintiffs are represented by class counsel. The Court held a fairness hearing regarding the proposed settlement agreement in this action on October 25, 2010.

  On October 7, 2010, Frank Peck, an inmate at Ely State Prison, filed a request for a transcript of the fairness hearing. (Docket #164). The motion apparently seeks preparation of a transcript at government expense.

  Section 1915(c) of Title 28 of the United States Code defines the limited circumstances under which courts may direct payment by the United States of the expense of preparing a transcript in cases where a litigant proceeds in forma pauperis:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2)

preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title.  Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).  Based on this statutory language, the preparation of transcripts at government expense is proper only to the extent that an appellate or reviewing court requires it.

**IT IS THEREFORE ORDERED** that the motion for preparation of a transcript at government expense (Docket #164) is **DENIED**.  Individuals may obtain a transcript of proceedings in this case by tendering the appropriate fees to the court reporter, along a transcript order form, which is available from the Clerk of Court.

Dated this 27th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE