# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID RIKER, *et al.*, | ) |
| Plaintiffs, | ) 3:08-cv-00115-LRH-VPC |
| vs. | ) |
| | ) **ORDER** |
| JAMES GIBBONS, *et al.*, | ) |
| Defendants. | ) |

This is a closed § 1983 civil rights class action. The action concerned plaintiffs' allegations that Ely State Prison lacked a constitutionally adequate health care system. Plaintiffs were represented by class counsel. On October 25, 2010, the Court held a fairness hearing regarding the proposed settlement agreement in this action. By order filed October 28, 2010, this Court entered an order approving the settlement agreement as fair, reasonable, and adequate, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. (ECF No. 174). The Court's order further dismissed this action with prejudice. (ECF No. 174). Judgment was entered on October 28, 2010. (ECF No. 175).

On August 1, 2011, Steve Cox, an inmate at Ely State Prison, filed a document entitled "Petition/Motion for Subpoenas of Records/Witnesses for Evidentiary Hearing." (ECF No. 180). Petitioner seeks to "subpoena records/witnesses for evidentiary hearings" concerning testimony of various officials within the Nevada Department of Corrections, which allegedly took place "from 2009, 2010, and 2011." (ECF No. 180, at p. 1). Also on August 1, 2011, inmate Steve Cox filed a document entitled "Petition/Motion for Evidentiary Hearing Review to Overturn Settlement Proposal, Defunct ESP/MAX Medical Care/Implementation/Alt. Appointment of Master's

1  Oversight." (ECF No. 181).

2      This Court's order filed October 28, 2010, approved the settlement agreement and dismissed

3  this action with prejudice. (ECF No. 174). Pursuant to the court-approved settlement agreement:

> Subsequent to the dismissal of the *Riker* litigation with prejudice, the parties' sole remedy to enforce or interpret this agreement, or to otherwise resolve any disputes that may arise from this agreement, other than by pursuing the dispute-resolution process set forth in Section V(M) of this agreement, shall lie in an action for breach of contract seeking specific performance only (and expressly not money damages), commenced in a Nevada state court applying Nevada law, and not reinstatement of the *Riker* litigation in any court for any purpose.

(ECF No. 144-1, at Part I(C), ¶ 6) (capitalization altered). As such, inmate Cox's motion to overturn the settlement agreement and motion for all other relief, filed August 1, 2011, are denied.

    **IT IS THEREFORE ORDERED** that inmate Steve Cox's "Petition/Motion for Subpoenas of Records/Witnesses for Evidentiary Hearing" (ECF No. 180) and "Petition/Motion for Evidentiary Hearing Review to Overturn Settlement Proposal, Defunct ESP/MAX Medical Care/ Implementation /Alt. Appointment of Master's Oversight" (ECF No. 181) are **DENIED**.

    **IT IS FURTHER ORDERED** that inmate Cox **SHALL FILE NO FURTHER DOCUMENTS** in this closed action.

    Dated this 16th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE